AMERICAN HEATING AND VENTILATING COMPANY, DEFENDANT IN ERROR, v. BOARD OF EDUCATION OF THE TOWN OF WEST NEW YORK, PLAINTIFF IN ERROR.

Submitted December 10. 1910—Decided March 6, 1911.

By force of the eighty-ninth section of the School law of 1903 (*Pamph. L.* 1904, *p.* 5), a contract for a heating apparatus to be installed in a school house can be entered into by a board of education only when the same has been presented and passed upon by the board at a regularly called meeting; it is not competent for the board to abdicate this duty by delegating to its president and clerk authority to enter into such a contract on its behalf.

---

On error to the Supreme Court.

For the plaintiff in error, *Hudspeth & Lane.*

For the defendant in error, *John G. Horner.*

The opinion of the court was delivered by

GARRISON, J. The American Heating and Ventilating Company recovered a judgment against the plaintiff in error, a board of education, for the sum of $2,292.50, being the amount of the first payment on the entire contract price called for by the contract on which the action was brought. The contract was not for the erection of a school house but for the installation by the defendant in error of its system of heating in a contemplated school building, the construction of which was

424    COURT OF ERRORS AND APPEALS.

Amer. Heating, &c., Co. v. B'd of Education.    *81 N. J. L.*

abandoned for the reason that the brokers who had control of the bond issue defaulted so that nothing was realized from that source. The plaintiff in error, upon proper exceptions and assignments, contends that the contract sued upon is not its contract, and that a verdict should have been directed.

The first payment required by the terms of this contract, and for which a recovery was had, is twenty per cent. of the entire contract price, payable, not at some stage of the work, but "when the plans and specifications are delivered." This is not only a charge made by the contractor for the plans required by it in doing the work it had already contracted to do, but is expressly based upon a percentage of the entire contract price which includes not only the doing of the work shown by the plans but also the furnishing of a superintendent and the giving of sundry guarantees by the contractor, among which is that the system contracted for "will comply in every respect with the requirements of the New Jersey State law regarding heating, ventilation and sanitation;" and on the witness stand the president of the company testified that what his company called "its system" comprised the adaptation of its apparatus to the state laws of New Jersey and Pennsylvania.

That the laws of this state were to be observed in the making of this contract was therefore present to the mind of the defendant in error, not only as a presumption of law, but actually. Among the laws thus to be observed is the express requirement of section 89 of the School law of 1903 (*Pamph. L.* 1904, *p.* 34) : "No contract shall be entered into by a board of education * * * until the same shall have been presented and passed on at a regularly called meeting of the board," and also the provision of section 129, "In order that due care may be exercised in the heating, lighting, ventilating and other hygienic conditions of public school buildings hereafter to be erected, all plans and specifications for any such proposed school building shall be submitted to the state board of education for suggestion and criticism before the same shall be accepted by the board of education of the district in which it is proposed to erect such building." For present purposes the significance of this latter section lies not so much in the ques-

tion whether it was ever in fact complied with as in the circumstance that at the time the payment for the plans and specifications became due under the contract, this section of the statute had not been complied with, and perhaps never would be, in which case, *i. e.,* if the state board withheld its approval, the board of education would be required to pay over $2,000 for something of which, under the state laws recognized by the contract itself, it could make no use. This is in fact the precise item for which a recovery was had. These considerations touching the nature of the contract and of the item for which recovery was had, are a sufficient introduction to the contention of the plaintiff in error that the trial court erred in its refusal to direct a verdict upon the ground that the contract sued on was not entered into by the board of education or by anyone lawfully authorized to enter into it on its behalf.

The uncontroverted proof is that the contract was signed by the president and clerk of the board and the corporate seal affixed by the latter in pursuance of the authority given by the following resolution which appears in the minutes of the board:

"Be it resolved that the American Heating, Ventilating and Sanitary system be and it is hereby adopted as the heating, ventilating and sanitation system to be installed in the school building to be erected and known as Public School No. 5. And be it further resolved that the architect of said school building be and he is hereby instructed to incorporate in his plans and specifications the above-named system. And be it further resolved that the president and clerk of this board be and they are hereby authorized and directed to enter into a contract with the American Heating and Ventilating Company for the installation of the said system in the said Public School No. 5."

It appears from the testimony of the clerk, who was called as a witness by the defendant in error, that after this resolution the further communications of the heating company were with him, and that the contract that was subsequently executed was prepared by the company and forwarded to him, and that he showed it to a lawyer who acted as the legal adviser of the

426    COURT OF ERRORS AND APPEALS.

Amer. Heating, &c., Co. v. B'd of Education.    *81 N. J. L.*

board, and that it was executed by the president and the witness under the authority of the resolution.

This witness expressly declined to testify that the contract thus executed was presented to and passed on by the board, and it is nowhere testified that it was, but he leaves it in some doubt whether the proposal that was before the board when the resolution was passed did not contain the same provisions as the contract, including the item for which a recovery was had. If it be conceded that there was a jury question as to this point, it was an immaterial issue, for the reason that the resolution did not purport to be the acceptance of any specific proposal or the authorization of any particular contract or the approval of any of the terms thereof. On the contrary, all that the resolution did was to adopt the system of the heating company and to authorize the architect of the board to incorporate such system in his plans, and the president and clerk of the board to enter into a contract for the installation of such system.

A mere reading of the section of the School law already quoted makes it clear that nothing that the president and clerk might do under this resolution would make a contract on behalf of the board "until the same had been presented and passed on at a regularly called meeting of the board." In a similar case, Mr. Justice Depue said: "The power purported to be conferred upon the committee was to make the contract. * * * We think that a contract such as was contemplated by this resolution should either have been negotiated by the city council or, if the negotiations were conducted by a committee, should have been submitted to the city council for discussion, consideration and adoption, and that the resolution delegating power to make such a contract was not warranted by the statute in question." *Foster* v. *Cape May*, 31 *Vroom* 78.

The statute in question was not nearly as express and mandatory as the one we are considering, and the same is true of the statute under consideration in *Kraft* v. *Board of Education*, 38 *Vroom* 512.

The plaintiff at the trial upon whom rested the burden of establishing its contract, offered no proof from which the jury could lawfully find that it had been entered into by the de-

fendant, although, as has been pointed out, the plaintiff knew of the necessity of a compliance with the requirements of the School law, despite which it chose to deal with two officials rather than with the board.

The trial court therefore erred in denying the defendant's motion for the direction of a verdict, and for this reason the judgment recovered by the plaintiff below must be reversed.

The fundamental character of this reversal renders it unnecessary for us to decide whether or not there was a jury question as to the submission of the plans and specifications to the state board of education or to consider the very important question that arose under the peculiar circumstances of this case respecting the relation between the bond issue and the validity of this contract.

The board not having made any contract for the plans and not having accepted or used them, there is no question as to a *quantum meruit.*

The judgment of the Supreme Court is reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, JJ. 13.